**Marcel JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 07–CF–57.**

District of Columbia Court of Appeals.

Argued March 18, 2009.
Decided April 30, 2009.

Mikel–Meredith Weidman, Public Defender Service, with whom James Klein, Public Defender Service, and Jaclyn Frankfurt, Public Defender Service, were on the brief, for appellant.

Kristina L. Ament, Assistant United States Attorney, with whom Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese III, and Florence Pan, Assistant United States Attorneys, were on the brief, for appellee.

Before PRYOR, KERN, and BELSON, Senior Judges.

PRYOR, Senior Judge:

After a jury trial, appellant, Marcel Jackson, was convicted of aggravated assault while armed, in violation of D.C.Code §§ 22–404.01(a), –4502 (2001); and armed robbery, in violation of D.C.Code §§ 22–2801,–4502 (2001). On appeal, the sole issue presented relates to the recurring question of what constitutes sufficient evidence to support a conviction for aggravated assault. After considering the relevant circumstances of this case, we conclude the evidence was legally insufficient to support the conviction for aggravated assault while armed. We therefore remand the case to the trial court for action consistent with this opinion.

## I.

In May 2005, complaining witness Christopher Vaughan was walking in a residen-

tial area in Southeast Washington on the way to visit a friend. Without any known provocation, four men jumped on him and attacked him. Acting together, they hit, pushed, and kicked the complainant causing him to fall to the ground. The group demanded money. Appellant was identified by a neighbor as one of the group who attacked Vaughan with a sharp instrument. Ultimately, the assailants fled with complainant's backpack, telephone, wallet, and sunglasses. The neighbor who identified appellant, and another person who observed the incident, approached the complainant and offered assistance after the attack. They noticed that he was bleeding. When complainant pulled up his shirt to examine his bleeding, he discovered multiple puncture wounds. An ambulance took him to Greater Southeast Community Hospital, where he was treated for superficial lacerations. His wounds were closed with staples and he received pain medication. While at the hospital, complainant's injuries were photographed by a police detective. The photographs, and the medical records, depict seven different scars: four on his back each between one-half inch and an inch long, two similar scars on his chest, and one larger scar on the left side of his body. The complainant left the hospital, and although he missed a week of work, he required no further medical treatment. No weapon was recovered.

## II.

Given the statute [1] in question, and a series of decisions from this court interpreting the statute, the difference between an aggravated assault and a lesser assault is a matter we frequently address. It is certainly not subject to a bright line test. However, it is now clear that in order to sustain a verdict as to aggravated assault, the government must prove, by the appropriate standard, that the accused purposely caused "serious bodily injury" to the complainant. *Nixon v. United States,* 730 A.2d 145, 149 (D.C.1999). In turn, "serious bodily injury" is construed to mean injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or loss or impairment of a bodily member or function. *See Jackson v. United States,* 940 A.2d 981, 986 (D.C. 2008); [2] *Bolanos v. United States,* 938 A.2d 672, 677 (D.C.2007); *Payne v. United States,* 932 A.2d 1095, 1099 (D.C.2007); *Swinton v. United States,* 902 A.2d 772, 776–77 (D.C.2006). In this instance the only contested issue is whether the complainant suffered protracted and obvious disfigurement as a result of the assault.

1.  D.C.Code § 22–404.01(a): "A person commits the offense of aggravated assault if: (1) By any means, that person knowingly or purposely causes serious bodily injury to another person; or (2) Under circumstances manifesting extreme indifference to human life, that person intentionally or knowingly engages in conduct which creates a grave risk of serious bodily injury to another person, and thereby causes serious bodily injury."

2.  In *Jackson v. United States, supra,* 940 A.2d at 986–987, we noted,
    Recently, the District of Columbia Council implicitly endorsed our strict construction of the "serious bodily injury" requirement in the aggravated assault statute. Just a few months after we issued our decision in *Swinton,* the Council amended the District's assault statute by creating a new intermediate felony offense known as "enhanced assault." Intended to "fill the gap between aggravated assault and simple assault," COUNCIL OF THE DISTRICT OF COLUMBIA COMMITTEE ON THE JUDICIARY, REPORT ON BILL 16–247, THE "OMNIBUS PUBLIC SAFETY ACT OF 2006," at 6 (Apr. 28, 2006), the new offense requires proof of "significant bodily injury"—defined in the statute as "an injury that requires hospitalization or immediate medical attention." D.C.Code § 22–404(a)(2) (2007 Supp.).

With respect to this narrow question, we emphasized in *Jackson, supra,* 940 A.2d at 991, the government must prove (1) the complainant suffered a *serious* physical disfigurement, (2) that was protracted, in that it remained beyond a very brief recovery period, and (3) the disfigurement had a "degree of genuine prominence": sufficient to make it "obvious." *See also Swinton, supra,* 902 A.2d at 776–77. Thus, applying these criteria, appellant contends that, as a matter of law, the evidence was deficient to submit this charge to the jury. The government, in response, argues that the circumstances, with all fair inferences, were within the scope of factual determination properly submitted to the factfinder.

In some cases there can be a degree of tension in distinguishing between aggravated assault and a lesser form of assault. In this instance, applying the familiar sufficiency test—whether, giving the prosecution all legitimate inferences from existing evidence, a reasonable factfinder could find guilt (beyond a reasonable doubt) of the crime at bar—the conclusion is compelled that the evidence here is deficient regarding the aggravated assault offense. In this case, complainant was certainly injured in the course of the robbery, but the injuries did not cause a risk of death, nor render the complainant unconscious, cause extreme pain, nor-of particular significance here-cause protracted and obvious physical disfigurement. We therefore remand this case to the trial court so that the judgment of conviction, for aggravated assault while armed, may be vacated.

### III.

In remanding this case to vacate one of two convictions, we are mindful that this decision could "upset an interdependent sentencing structure." *Malloy v. United States,* 483 A.2d 678, 681 (D.C.1984). We

defer to the sound discretion of the trial judge in that regard.

Accordingly, we remand the case for action consistent with this opinion.

*So ordered.*